Filed 8/16/24  P. v. Atkinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C098975 |
| Plaintiff and Respondent, | (Super. Ct. No. CR0000997) |
| v. | |
| FREDERICK WAYNE ATKINSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Frederick Wayne Atkinson filed an opening brief asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief.  Having reviewed the record and defendant's arguments, we affirm the judgment.

1

BACKGROUND

In October 2022, during the early evening hours, C.M. was participating in a Halloween-themed photo shoot in an outdoor area near railroad tracks. She, along with several other women, were dressed as witches for the photo shoot. C.M. was dressed as a "Norse Viking witch," with her eyes blacked out and a pagan symbol painted on her head.

During the photo shoot, movement along the tree line caught C.M.'s attention. She saw a bright flash of red and turned to see defendant standing about 25-50 yards away, looking toward the photo shoot with his pants pulled down, masturbating. C.M. yelled at defendant, who "kept looking and masturbating." C.M. took a picture of defendant. Then she called 911 and defendant ran. C.M. followed defendant until law enforcement arrived.

On November 1, 2022, the People charged defendant with felony indecent exposure (Pen. Code, § 314, subd. (1)) and failure to register as a sex offender (§ 290.018, subd. (b)). The failure to register charge was later dismissed. Prior to trial, the trial court ruled on the parties' motions in limine. Following the court's ruling, defendant waived his right to a jury trial and agreed to a bench trial. The parties agreed defendant would not need to attend trial in "civilian clothes" but would remain unshackled.

The trial court found defendant guilty as charged and referred the matter to the probation department. On March 10, 2023, the probation department filed a presentencing report and on May 5, 2023, defense counsel declared a doubt as to defendant's competency. The court appointed Don Stembridge, Ph.D., to assess defendant's competence and criminal proceedings were suspended.

On May 26, 2023, Dr. Stembridge filed his report finding defendant competent. Criminal proceedings were reinstated and on June 23, 2023, the trial court sentenced defendant to the middle term of two years in prison. The court awarded defendant 472 days of custody credit and ordered him to pay a $40 court operations fee (§ 1465.8) and a

$30 criminal conviction fee (Gov. Code, § 70373).  The court also imposed a $300 restitution fine (§ 1202.4) and imposed but stayed a $300 parole revocation fine (§ 1202.45).

Defendant timely appealed.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief.  Defendant filed a supplemental brief raising three claims.

First, defendant argues he was "made to wear bright orange jail coveralls" for his trial.  Trial counsel, however, did not object to the jail-issued clothing.  As a result, defendant has forfeited his claim on appeal.  (See *People v. Tuilaepa* (1992) 4 Cal.4th 569, 583 [failure to object to shackles results in forfeiture]; see also *People v. Majors* (1998) 18 Cal.4th 385, 406.)  Further, it appears the clothing choice was agreed upon by defendant and his counsel, on the record, after waiving jury trial.

Next, defendant argues there was a camera containing exculpatory photographs that was not admitted into evidence at trial.  Defendant did not, however, move to admit that camera into evidence.  We thus interpret this is as a claim that his trial counsel was ineffective for failing to move to admit the camera into evidence.  "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Defense counsel was not asked, nor did counsel discuss, why this camera was not offered into evidence. We cannot assume from a silent record that this camera actually did contain exculpatory evidence. (See *People v. Medina* (1995) 11 Cal.4th 694, 773 [we cannot assume from a silent record that witnesses were willing and able to give mitigating testimony].) Accordingly, defendant has failed to demonstrate that counsel was ineffective. (See *People v. Waidla* (2000) 22 Cal.4th 690, 749, fn. 1 [appeal is limited to the four corners of the record].)

Third, defendant attempts to reargue the evidence at trial, claiming he engaged in a consensual, sexual act with his victim(s). We cannot reweigh trial evidence on appeal. (*People v. Culver* (1973) 10 Cal.3d 542, 548.) Thus, this claim fails.

DISPOSITION

The judgment is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Krause, J.

/s/
Mesiwala, J.

4